MARTIN SMITH *vs.* THE STATE OF MARYLAND.—*June,* 1848.

Leasing to another a house, with the intent of its being used as a common bawdy house, is an offence indictable at common law.

There can be no doubt that the keeper of a house of this description may be indicted, and he who leases to another a house, with the intent of its being so used, is *particeps criminis*—an aider and abettor in the misdemeanor.

The indictment must contain a certain description of the crime, and a statement of the facts by which it is constituted; but it need not state when the lease commenced, or was to end.

WRIT OF ERROR to *Baltimore* City Court.

At the October term, 1845, of *Baltimore* City Court, *Martin Smith,* the appellant, was indicted for leasing a house to one *Dorcas Smith* with the knowledge that the said *Dorcas Smith* intended to keep therein a common bawdy house. The indictment is as follows :—

"The jurors, &c. do on their oath, present that *Martin Smith,* late, &c. on the second day September, 1845, with

54     v.6

force and arms, at, &c. unlawfully, willfully, and knowingly, did let a certain house, there situate, of him the said *Martin Smith*, to one *Dorcas Smith*, with an intent that the said *Dorcas Smith* should afterwards, and during the continuance of such lease thereof, then keep and maintain the said house as a common bawdy house; and that afterwards, and during the continuance of such lease thereof, to wit: on the day and year aforesaid, and on divers other days and times, between that day and the day of taking of this inquisition, at the city of *Baltimore* aforesaid, the said *Dorcas Smith* did actually keep and maintain the said house, as a common bawdy house, to the great scandal of all the liege inhabitants of the said State, to the evil example of all others in the like case offending, and against the peace, government, and dignity of the State. And the jurors aforesaid, upon their oath aforesaid, do further present, that the said *Martin Smith* afterwards, to wit—on the second day of September, in the year of our Lord, 1845, with force and arms, at the City of *Baltimore* aforesaid, unlawfully and knowingly, did let out a certain other house, there situate, which said last mentioned house, he the said *Martin Smith*, then and there had the control of, and the power of letting out, to one *Dorcas Smith*, with intent that the said *Dorcas Smith* should afterwards, and during the continuance of such lease thereof, there keep and maintain the said last mentioned house, as a common bawdy house; and that afterwards, and during the continuance of such lease thereof, to wit, on the day and year aforesaid, and on divers other days and times, between that day and the day of taking this inquisition, at the City of *Baltimore* aforesaid, the said *Dorcas Smith* actually did keep and maintain the said last mentioned house as a common bawdy house, to the great scandal of all the liege citizens of the said State, to the evil example of all others, in the like case offending, and against the peace, government and dignity of the State."

To this indictment, the defendant pleaded not guilty, and the case being submitted to the court, the court (BRICE, C. J. NISBET and WORTHINGTON, A. J.,) declared the defendant guilty of the misdemeanor as above charged against him. The

defendant then entered a motion in arrest of judgment and assigned for cause :—

1st. Because the indictment sets forth no crime under the laws of this State.

2d. Because the indictment sets forth no indictable matter.

The court overruled this motion, and imposed a fine of $20 and costs upon the defendant, and who sued out a writ of error to this court.

The cause was argued before DORSEY, C. J., SPENCE, MAGRUDER and MARTIN, J.

By WALSH for the appellant, who cited 1 *Eva. Har.* 502. 2 *Chitty's C. L.* 5. 13 *Pick.* 169. 17 *Pick.* 83. 2 *S. & R.* 298. 5 *Iredell,* 603, 606. 2 *Hill,* 558, and

By RICHARDSON, *Attorney General,* for the appellee.

MAGRUDER, J., delivered the opinion of this court.

The appellant in this case was convicted, in *Baltimore* City Court, of letting out to *Dorcas Smith,* a house in the City of *Baltimore,* with intent that she should keep and maintain the same as a common bawdy house, and which, afterwards and during the continuance of the lease, was kept as a house of that description.

It appears by the record, that there was a motion in arrest of judgment, and the following reasons were assigned. 1st. Because the indictment sets forth no crime under the laws of the State, and 2d. Because the indictment sets forth no indictable matter. The motion was overruled, and this court is now to decide, whether the court below erred therein.

It may be that none of us can recollect any case like this, which was prosecuted with success in any court of Maryland. But it cannot be inferred, from the mere circumstance, that a particular offence has never been punished, that there is no law to authorize its punishment. A jury may never have been furnished with the requisite proof, or if in some instances the proof was furnished, on which to ground such a prosecution

and yet, no presentment was made, such neglect of duty is no evidence of the non-existence of a law, which made it the duty of the jury, to present it as a misdemeanor.   An answer to what was urged on this subject may be found in the Court's opinion, in the case of *The State vs. Buchanan, in 5 H. & J.* 317. A learned judge of a sister State, in answer to the argument, that the offence now under consideration, is " intangible by legal punishment," observed, " if any of the attributes of the common law, may be said to stand above the rest in point of excellence, its well known power of pursuing iniquity through all disguises, of stripping from crime the forms under which it seeks to mask itself, and dragging the offender from the dark recesses of fraudulent evasion, has seemed to me to occupy that position."

It cannot be denied, that the keeper of a house of this description, may be indicted at common law, and surely he who leases to another a house, with the intent of its being so used, is *particeps criminis,* an aider and abettor in the misdemeanor. It is true, that in the case of *Brockway vs. The People, 2 Hill's N. Y. Reports, page* 550, two judges decided, that for such an act the lessor could not be prosecuted, but with the reasoning of the judge who pronounced the opinion in that case, we are not satisfied.   We cannot think that the act of furnishing a house for such an iniquitous purpose, " is more remote, or indirect than the sending of an insulting and provoking message to another, for the express purpose of inducing him to return a challenge."   Yet an indictment for sending such a letter has been sustained, *see* 6 *East* 464, and the correctness of that decision in not doubted by the court, in the case of *Brockway.* From that opinion too, one of the judges dissented, and we think his reasoning upon the point most satisfactory, although the precedents with which we have been furnished, would not authorize us to say, that the indictment must charge the owner of the house with being the keeper of it.   We have also the decision in the case of *Commonwealth vs. Carrington,* 3 *Pick.* that such an act is a misdemeanor, see also 2 *Wash.* 5, and 5 *Iredell,* 606.

We cannot, therefore, say that the offence charged in this case, is not one which is punishable by indictment.

Other objections to the indictment were taken at the bar, none of which are considered to be fatal. We cannot suppose that it was necessary to state when the lease commenced, or was to end. It would be in vain to prosecute, if in order to support the indictment, this proof, it may be in the possession only of the offending parties, was required. Perhaps the phrase "let out," is not the most appropriate, but its meaning is quite plain.

It cannot be said, that this is a prosecution against *Dorcas Smith*, as well as the appellant. Her name, and what is alleged of her, are introduced of necessity, in stating the offence, for which the appellant is put upon trial. The concluding words are required in every indictment, and refer not to the acts of *Dorcas*, but to those of the appellant, which are charged to be against the peace, government and dignity of the State. Many indictments are to be found in the books, to which the same objection might have been made, and which seem to be sufficient. See for example, indictments for receiving stolen goods knowing them to be stolen.

It does not appear to us that any of the reasons assigned in support of this motion, require us to say, that the offence here charged, is not described with convenient certainty, so as to enable the court to impose the proper fine; or enable the defendant to make his defence, or to plead the indictment in bar to any subsequent proceeding. In the case of *The State vs. Buchanan,* 5 *H. & J.* the court said, " an indictment must contain a certain description of the crime, of which the defendant is accused, and a statement of the facts by which it is constituted." We think the indictment in this case has these requirements, and that without calling in question, some of the principles recognized in that case, we cannot disturb this judgment.

**JUDGMENT AFFIRMED.**