## COMMONWEALTH *vs.* CHARLES MOORE.

An indictment for letting a tenement, to be used for purposes of prostitution, must allege some day as the time of making the lease. An averment that the defendant, on the fifteenth day of April, eighteen hundred and fifty-three, and during the five months next preceding that day, was in possession of a certain tenement, and *then and there* let the same, &c. is not sufficiently specific.

Such an indictment must give the name of the lessee, or state some reason for not giving it, and that he accepted the lease.

THE defendant was convicted in the municipal court, Boston, upon an indictment in these words: " The jurors for the commonwealth of Massachusetts on their oath present, that Charles Moore, of Boston, in the county of Suffolk, trader, on the fifteenth day of April, in the year eighteen hundred and fifty-three, and for a long time, to wit, five months before the said fifteenth day of April, being owner and proprietor,

and having the custody, control, management, possession, and letting of a certain tenement in a certain part of said Boston, being a tenement at the corner of Poplar street and Spring street, in said Boston, did then and there, to wit, on said fifteenth day of April, and during said five months preceding, consent, permit, agree, prepare, and provide said tenement, to be kept, maintained, used, occupied, and tenanted by lewd, wanton, and dissolute persons, as well men as women, and for a bawdy house, brothel, and house of ill fame, to be resorted to for the purpose of prostitution and lewdness by them and by other wanton, lewd, and lascivious persons, and did then and there let out to hire, for his own wicked lucre and gain, said tenement, with his own knowledge and consent, that it should be used as and for a house of ill fame, resorted to for prostitution and lewdness, and as a brothel and bawdy house, and said tenement was so used then and there for said purposes, with his, said Moore's, full knowledge and consent, during said time and term of time, and hitherto and to the day of the taking of this inquisition, against the peace and dignity of the commonwealth and the laws thereof."

After verdict the defendant moved in arrest of judgment : " 1. Because there is no sufficient description of the persons to whom said house is alleged to have been let, no names being set forth, or that they were unknown.    2. That there is no intent alleged in said indictment.    3. That there is no sufficient and legal conclusion to said indictment.    4. That said indictment is generally void and uncertain in law."    But *Bishop,* J. overruled the motion, and the defendant filed his exceptions.

*J. H. Bradley,* for the defendant.

*G. P. Sanger,* ( district-attorney,) for the commonwealth.

MERRICK, J.    The indictment upon which the defendant was convicted is manifestly imperfect, and obnoxious to several objections which have been alleged against it.    It is very inartificially constructed, containing in one count allegations descriptive of two distinct offences, a part of them adapted to a prosecution for keeping a house of ill fame, and others appropriate to the letting of a tenement to be used as a place of resort by lewd and lascivious persons for the

purpose of prostitution. Rev. Sts. *c.* 130, § 8; *Commonwealth* v. *Harrington*, 3 Pick. 26; *Smith* v. *The State*, 6 Gill, 425. It is apparent, however, upon a careful examination of the whole, that the latter is the offence of which the defendant was accused, and for which the grand jury intended to make their presentment. The other allegations may, therefore, be disregarded and dismissed as surplusage.

Of the errors and defects in the indictment, there are two for which the defendant's motion in arrest of judgment must be allowed. In the first place, there is no proper averment of the time of the commission of the offence. Such an averment is indispensable. The allegation is that the defendant, on the fifteenth day of April, and during five months next before and preceding that day, was in possession of a certain described tenement, and then and there let out the same to hire. The reference by the words " then and there," is necessarily to the whole time mentioned, and not to any particular day. This will not do; it is altogether too loose, vague, and indefinite. The act complained of was not a continuing offence, like that of being a common seller of spirituous liquor, or the keeping of a house of ill fame,—the latter of which the pleader, in framing the indictment, obviously had in his mind—but was a single, distinct, and separate transaction. A specific time, therefore, ought to have been alleged; a day certain stated. And without such statement the indictment is defective and insufficient. Archb. Crim. Pl. 37; 1 Chit. Crim. Law, 217; 2 Hale P. C. 177; *State* v. *Baker*, 4 Redingt. 52.

The indictment is also fatally defective in omitting to state the name of the person to whom the lease was made by the defendant, or that such person was to the jurors unknown, and that the lease was received and accepted by the individual to whom it was made. An acceptance of the lease was essential to the commission of the offence, which could not indeed be consummated without it. It is like the case of the unlawful sale of spirituous liquor, concerning which it has been determined that the name of the vendee must be given in an indictment, or a satisfactory reason assigned for its omission. *Commonwealth* v. *Thurlow*, 24 Pick. 379. It is never sufficient

to charge a defendant generally with having committed a crime, as, that he robbed J. S., or stole his goods; but all the facts and circumstances constituting the offence must be specifically set forth. And if any fact or circumstance which is a necessary ingredient in an offence be omitted in an indictment, it is vitiated by such omission, and the objection may be availed of by the defendant on a motion in arrest of judgment. Archb. Crim. Pl. 41, 42; 1 Chit. Crim. Law, 227.

*Judgment arrested.*